# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00657-CV

Clifford Zeifman, Appellant

v.

Laurie J. Nowlin, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-08-000877, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## CONCURRING OPINION

I concur in the judgment, affirming the trial court's judgment. I agree that the trial court did not err in granting summary judgment and did not abuse its discretion in imposing sanctions. I write separately to address the immunity from liability for amicus attorneys in family law cases.[1]

In 2003, the legislature created the new court-appointed position of amicus attorney as part of an overhaul to chapter 107 of the family code concerning court-ordered representation in a suit affecting the parent-child relationship (SAPCR). *See* Act of June 18, 2003, 78th Leg., R.S., ch. 262, 2003 Tex. Gen. Laws 1173, 1173-83 (current version at Tex. Fam. Code Ann. §§ 107.001-.031 (West 2008 & Supp. 2009)); *see generally* Deborah H. Lehrmann,

---

[1] The courts may not appoint an amicus attorney in suits filed by governmental entities under chapter 107 of the family code. *See* Tex. Fam. Code Ann. §§ 107.001(1), .017 (West 2008).

Court-Appointed Representation of Children in Texas Family Law Cases *A Practical Guide for Attorneys* § 3.14[1] (2009-2010 ed.). An amicus attorney's role in a family law case is "to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child." *See* Tex. Fam. Code Ann. § 107.001(1) (West 2008); *see also In re Baby Boy R.*, 191 S.W.3d 916, 922 n.2 (Tex. App.—Dallas 2006, pet. denied) ("The role of the amicus attorney is not to provide legal representation to the parent, but to assist the court in protecting the child."). Amicus attorneys are afforded immunity under section 107.009 of the family code. *See* Tex. Fam. Code Ann. § 107.009 (West 2008) (amicus attorney "not liable for civil damages arising from an action taken, a recommendation made, or an opinion given in the capacity of . . . amicus attorney").

Our sister court's analysis in *Delcourt v. Silverman,* 919 S.W.2d 777, 786 (Tex. App.—Houston 1996, writ denied), is instructive concerning the policy underlying immunity for amicus attorneys in family law cases. Although it was decided prior to the 2003 amendments to chapter 107 of the family code, the court held that guardians ad litem were afforded immunity from liability for their "actions taken pursuant to and within the scope of their appointment, provided that the appointment contemplates the ad litem acting as an extension of the court." *See id.* In reaching its holding, our sister court acknowledged the underlying policy for affording immunity:

> The policy underlying derived judicial immunity that protects participants in judicial and other adjudicatory proceedings is sound. Not only does the policy guarantee an independent, disinterested decision-making process, these immunities prevent the harassment and intimidation that might otherwise result if disgruntled litigants could vent their anger by suing either the person who presented the decision maker with adverse information, or the person or persons who rendered an adverse opinion.

*Id*. at 782 (citation omitted). The court recognized that guardians ad litem "must be able to make impartial recommendations to the court" without the threat of liability. *Id*. at 785. The court further stated:

> "Often, parents are pitted against one another in an intensely personal and militant clash. Innocent children may be pawns in the conflict. To safeguard the best interests of the children, however, the guardian's judgment must remain impartial, unaltered by the intimidating wrath and litigious penchant of disgruntled parents. Fear of liability to one of the parents can warp judgment that is crucial to vigilant loyalty for what is best for the child; the guardian's focus must not be diverted to appeasement of antagonistic parents." . . . Thus, the threat of liability could distort the ad litem's investigative role and substantially impede his or her ability to ascertain and report to the court the best placement for the child. In turn, "the ability of the judge to perform his or her judicial duties would be impaired and the ascertainment of truth obstructed." . . . Second, the availability of qualified attorneys to represent children in the midst of a custody dispute might be affected if disgruntled or vituperative parents could hold the guardian ad litem personally liable.

*Id*. (citations omitted).

The underlying policy for affording guardians ad litem immunity prior to the 2003 amendments to the family code is equally applicable to the immunity afforded court appointed attorneys under section 107.009 of the family code. *See* Tex. Fam. Code Ann. § 107.009. Section 107.009 "substantially codifies existing case law that holds that the doctrine of derived judicial immunity applies to lawyers appointed as guardians ad litem in the family law context because they conduct their duties as extensions of the court." Lehrmann, *supra*, § 3.14[1][k]. The

policy is particularly applicable to an amicus attorney who solely functions as "an extension of the court." *See, e.g.*, *Delcourt,* 919 S.W.2d at 786.[2]

To hold otherwise would thwart the intent of the statute. After bringing this suit, Zeifman filed a motion to modify a prior order in the underlying SAPCR; Nowlin refrained from acting as the amicus attorney going forward. In its order sanctioning Zeifman, the trial court found that "the filing of Plaintiff's Original Petition in this matter was intended to and actually did cause Ms. Nowlin to refrain from acting as amicus attorney in future proceedings in the Underlying SAPCR." The court concluded:

> . . . Plaintiff's pleadings and conduct effectively caused Ms. Nowlin to refrain from acting as amicus attorney in [the underlying SAPCR], and to refrain to act as amicus attorney in other cases because of the threat of suit.

Further, at the hearing on the motion for sanctions, Nowlin testified that she no longer takes amicus attorney appointments at all because "I am just going to be a target." Because of this suit, the "availability" of a qualified amicus attorney in the underlying SAPCR, as well as other family law cases, may have been affected. *See id.* at 785.

With these comments, I concur in the judgment, affirming the trial court's judgment.

---

[2] For example, unlike other court-appointed attorneys, "an amicus attorney is not bound by the child's expressed objectives of representation." *See* Tex. Fam. Code Ann. § 107.005(a) (West 2008). In addition, an amicus attorney may disclose confidential communications between the child and the amicus attorney to the court when the "amicus attorney determines that disclosure is necessary to assist the court regarding the best interests of the child." *Id.* § 107.005(c) (West 2008). These provisions, among others, allow the amicus attorney to act on the court's behalf to determine the best interests of the child. *See id.* § 107.001(1); *see also O'Connor v. O'Connor*, 245 S.W.3d 511, 515 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (trial court "is, in effect, the amicus attorney's client for a limited purpose").

 

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   August 27, 2010